PUNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH ZINK,

    Plaintiff,

v.                                           Case No. 3:18-cv-575-J-39PDB

DR. LESLIE COLOBANI and
DR. LARRY HENDERSON

    Defendants.
_____

**ORDER**

1. The Court **grants** the plaintiff's motion for an extension of the deadline to respond to the defendants' motions to dismiss, Doc. 15, and accepts his response, Doc. 18, as timely filed.

2. The Court **denies** the plaintiff's motion to appoint counsel, Doc. 16, without prejudice to refiling if the action proceeds to a settlement conference or a trial.

A court may ask counsel to represent a person who cannot afford one. 28 U.S.C. § 1915(e)(1). But a plaintiff in a civil case does not have a constitutional right to counsel, and courts have broad discretion in deciding whether to appoint counsel. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). A court should appoint counsel in a civil case only if there are "exceptional circumstances." Id. In determining whether to appoint counsel, a

court may consider the type and complexity of the case, whether the plaintiff can adequately investigate and present his case, and whether the case proceeds to trial. Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982) (cited with approval in Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 n.11 (11th Cir. 2013)).

The plaintiff has not presented exceptional circumstances that would warrant the appointment of counsel at this time. The circumstances he presents are common to most incarcerated litigants (inability to afford counsel, limited access to the law library, limited understanding of the law and medical records, and conflicting testimony best explored by counsel).

3. The Court **grants** the defendants' motion for a stay of discovery, Doc. 17, and **stays** discovery until further order.

A court has "broad discretion to stay discovery pending decision on a dispositive motion." Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1560 (11th Cir. 1985). "Facial challenges to the legal sufficiency of a claim . . . such as a motion to dismiss based on failure to state a claim for relief, should be resolved before discovery begins." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) (footnote omitted).

A stay of discovery is warranted given the potentially dispositive arguments made in the motions to dismiss, including the argument that the defendants are entitled to qualified immunity. See Docs. 9, 10. Because of the stay, the defendants

2

need not respond to the plaintiff's pending requests for production at this time. If necessary, the Court will establish a discovery period after ruling on the defendants' motions to dismiss.

4. The Court directs the Clerk to modify the docket to reflect the proper spelling of the surname, "Colombani," as reflected in his motion to dismiss, Doc. 9.

**Ordered** in Jacksonville, Florida, on November 20, 2018.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

Jax-6 10/29

c: Kenneth Zink
   Counsel of Record