UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH ZINK,

        Plaintiff,

v.                                Case No. 3:18-cv-575-J-39PDB

DR. LESLIE COLOMBANI and
DR. LARRY HENDERSON,

        Defendants.
_____

## **ORDER**

### **I. Status**

Plaintiff, Kenneth Zink, an inmate of the Florida Department of Corrections (FDOC), is proceeding on a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. 1; Compl.) against two medical providers at Hamilton Correctional Institution (HCI): Dr. Leslie Colombani and Dr. Larry Henderson. Before the Court are Defendants' motions to dismiss (Doc. 21; Colombani Motion) (Doc. 22; Henderson Motion) (together, "Motions"). Plaintiff responded to both motions (Doc. 18; Pl. Initial Resp.) (Doc. 24; Pl. Resp.).[1] Accordingly, the motions are ripe for this Court's review.

---

[1] The motions before the Court are the second motions to dismiss Defendants filed. The Court denied Defendants' original motions without prejudice to refiling so they could obtain grievance records in support of an exhaustion defense. See Order (Doc. 20). In responding to the motions before the Court, Plaintiff addressed only the exhaustion issue, which Defendants did not raise in their original motions. See Pl. Resp. at 1. In his response to

## II. Motion Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Additionally, the complaint allegations must be construed in the light most favorable to the plaintiff. Gill as Next Friend of K.C.R. v. Judd, 941 F.3d 504, 511 (11th Cir. 2019). When a plaintiff proceeds pro se, the court must liberally construe the allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680.

Though detailed factual allegations are not required, Federal Rule of Civil Procedure 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678. As such, a plaintiff may not rely on "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Gill, 941 F.3d at 511 (quoting Iqbal, 556 U.S. at 678). Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly,

---

Defendants' original motions, Plaintiff responded to Defendants' other arguments. See Pl. Initial Resp. at 1.

550 U.S. 544, 570 (2007). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id.

### III. Complaint Allegations

Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs.[2] See Compl. at 9. Plaintiff describes himself as a "sixty[-]one[-]year[-]old disabled veteran" who entered the FDOC's custody with serious medical issues, including chronic pain in his right hip. Id. at 5, 7. Plaintiff alleges he has been "in constant pain" following hip surgery because the "the screws holding the ball of the bone are scraping the socket." Id. at 7. He has trouble sleeping and uses a walker. At the time he filed his complaint, Plaintiff had been attempting to "receive proper medical care" for over a year. Id.

Plaintiff initially treated with Dr. Colombani, who Plaintiff alleges agreed to send him to Lake Butler to see an orthopedist for pain management or a hip replacement. Id. According to Plaintiff, Dr. Colombani did not send him for the treatment Dr. Colombani recognized Plaintiff needed. Id. Plaintiff also asserts Dr. Colombani prescribes medication that does not relieve his pain

---

[2] Plaintiff asserts his claims arise under the Fifth and Fourteenth Amendments. See Compl. at 6. However, liberally construing his allegations, it is apparent he intends to assert a claim under the Eighth Amendment for deliberate indifference to his serious medical needs. Accordingly, the Court construes Plaintiff's pro se complaint as an attempt to state a claim under the Eighth Amendment.

3

and aggravates his serious, painful stomach condition; fails to approve a double mat to help Plaintiff sleep; and denies requests for multi-vitamins for bone health. Id. at 8. Plaintiff alleges he has "discussed these issues [with Dr. Colombani] many times," and Dr. Colombani says "he does not like [Plaintiff's] attitude." Id.

Plaintiff treated with Dr. Henderson for the first time on March 8, 2018. Id. at 8. Plaintiff alleges Dr. Henderson acknowledges the chronic pain he experiences "but refuses to prescribe proper pain medication and tells [Plaintiff] it will be better tomorrow." Id.

Plaintiff seeks injunctive relief (an order directing Defendants to cease their deliberate indifference to Plaintiff's serious medical needs), compensatory damages, litigation costs, and any other relief the Court deems appropriate. Id. at 10.

**IV. Defendants' Motions & Plaintiff's Response**

Defendants argue they are entitled to relief because (1) Plaintiff failed to exhaust his administrative remedies, (2) Plaintiff fails to state a claim for deliberate indifference under the Eighth Amendment, (3) they are entitled to qualified immunity, (4) any request for monetary damages is barred by the Eleventh Amendment, and (5) Plaintiff's request for compensatory damages is barred because he alleges no physical injury. See Motions at 1. In support of their motions, Defendants provide duplicate copies of grievance records (Docs. 21-1, 22-1; Def. Ex. A).

4

In response to the exhaustion defense, Plaintiff attaches grievance records (Doc. 24-2; Pl. Ex. B), which he says show he properly exhausted his administrative remedies before filing his complaint. See Pl. Resp. at 1. In his initial response, Plaintiff argues he states a deliberate-indifference claim under the Eighth Amendment. See Pl. Initial Resp. at 3-4.

## V. Analysis & Conclusions

### A. Eleventh Amendment Immunity

Defendants raise the defense of sovereign immunity to the extent Plaintiff is seeking monetary damages from them in their official capacities. See Motions at 1, 8. Plaintiff concedes he sues Defendants solely in their individual capacities. See Pl. Initial Resp. at 7. As such, Defendants' motions in this regard are due to be denied as moot.

### B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act (PLRA) provides, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is "a precondition to an adjudication on the merits." Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). See also Jones v. Bock, 549 U.S. 199, 211 (2007). When confronted with an exhaustion defense, courts employ a two-step process:

> First, district courts look to the factual allegations in the motion to dismiss and those in the prisoner's response and accept the prisoner's view of the facts as true. . . . Second, if dismissal is not warranted on the prisoner's view of the facts, the court makes specific findings to resolve disputes of fact, and should dismiss if, based on those findings, defendants have shown a failure to exhaust.

Whatley v. Warden, Ware State Prison, 802 F.3d 1205, 1209 (11th Cir. 2015) (internal citations omitted). The Supreme Court has held "the PLRA . . . requires proper exhaustion," which means a prisoner must grieve his issues in compliance with the agency's procedural rules so the agency has a "full and fair opportunity" to address a prisoner's issues on the merits. Woodford v. Ngo, 548 U.S. 81, 90, 93 (2006).

In Florida, to properly exhaust administrative remedies, a prisoner must complete a three-step process (informal grievance, formal grievance, and appeal), as set forth in the Florida Administrative Code. See Fla. Admin. Code r. 33-103.001 through 33-103.018. See also Dimanche v. Brown, 783 F.3d 1204, 1211 (11th Cir. 2015). If, at any level of the process, an inmate does not receive a timely institutional response, the inmate may proceed to the next step:

> [E]xpiration of a time limit at any step in the process shall entitle the complainant to proceed to the next step of the grievance process. . . . If the inmate does not agree to an extension of time at the central office

6

> level of review, he shall be entitled to proceed with judicial remedies.

Fla. Admin. Code r. 33-103.011(4). Under the Florida Administrative Code, unless an inmate agrees to an extension, an appeal sent to the Secretary's office "[s]hall be responded to within 30 calendar days from the date of the receipt of the grievance." Fla. Admin. Code r. 33-103.011(3)(c).

Under the first step of the exhaustion analysis, the Court must accept as true Plaintiff's contention that he properly exhausted his claims. See Whatley, 802 F.3d at 1209; Pl. Resp. at 1. Accordingly, the Court proceeds to the second step of the analysis. Upon review, the Court finds the grievance records show Plaintiff properly and fully exhausted his administrative remedies, giving the FDOC a "full and fair opportunity" to address his issues on the merits before filing this lawsuit. See Woodford, 548 U.S. at 90.

On August 4, 2017, Plaintiff submitted an informal grievance to the medical department complaining the medication doctors prescribed for his pain was negatively affecting his hernia condition. See Pl. Ex. B at 2-3; Def. Ex. A at 5.[3] Plaintiff said

---

[3] Defendants omit the second page of this grievance document. They also incorrectly represent to the Court that Plaintiff did not address the medical issue that is the subject of this lawsuit. See Motions at 4; Def. Ex. A. In his grievance, Plaintiff does alert prison officials to the medical issue that is the basis of this lawsuit. He says he cannot take "standard medication" because it irritates another medical condition. See Pl. Ex. B at 2-3.

7

he suffers from debilitating pain, and the medication doctors prescribed irritates his stomach. Pl. Ex. B at 3. An official at HCI denied Plaintiff's informal request on August 17, 2017. Id. at 2. Within four days, Plaintiff appealed the decision by filing a formal grievance to the Warden of HCI. Id. at 4. Prison officials denied Plaintiff's formal grievance, telling Plaintiff to access sick call or declare an inmate emergency. Id. at 7.

Plaintiff then appealed to the office of the Secretary of the FDOC.[4] The Secretary's office did not respond to Plaintiff's grievance appeal until nine months later, on June 14, 2018. Id. at 10. Given the Secretary's office did not timely respond to Plaintiff's appeal, he was permitted to "proceed with judicial remedies" after the response time of thirty days expired. See Fla. Admin. Code r. 33-103.011(4). Plaintiff filed his complaint in April 2018, well after the thirty-day response time.

The records show Plaintiff followed the three-step grievance process. Accordingly, under the second step of the exhaustion analysis, Defendants fail to show Plaintiff did not exhaust his administrative remedies.

---

[4] The prison official who processed Plaintiff's appeal did not log the date Plaintiff submitted it. Plaintiff dated the appeal September 8, 2017. See Pl. Ex. B at 8. For some reason, Plaintiff's appeal was not received by the Secretary's office until September 19, 2017. Id.

8

## C. Deliberate Indifference & Qualified Immunity

A claim for deliberate indifference to a serious illness or injury is cognizable under § 1983. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim, a plaintiff first must allege he had a serious medical need. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004). Next, the plaintiff must "allege that the prison official, at a minimum, acted with a state of mind that constituted deliberate indifference." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010).

A plaintiff states a claim for deliberate indifference to a serious medical need when he alleges "prison officials have prevented [him] from receiving recommended treatment or when [he] is denied access to medical personnel capable of evaluating the need for treatment." Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11th Cir. 1985). "The knowledge of the need for medical care and intentional refusal to provide that care has consistently been held to surpass negligence and constitute deliberate indifference." Id. See also McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) ("We have repeatedly found that 'an official acts with deliberate indifference when he or she knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate.'").

The Eleventh Circuit has recognized that, even when a prisoner receives some medical treatment, a plaintiff states a claim for

deliberate indifference if he alleges the care he received was "so cursory as to amount to no treatment at all," was grossly inadequate, or was guided by a "decision to take an easier but less efficacious course of treatment." McElligott, 182 F.3d at 1255. See also Nam Dang, 871 F.3d at 1280. However, alleging a "simple difference in medical opinion" does not state a deliberate indifference claim. Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 2007).

Applying the above Eighth Amendment legal principles and construing Plaintiff's pro se complaint liberally, the Court finds Plaintiff alleges a claim for deliberate indifference. As to the objective component, Defendants do not dispute Plaintiff alleges a serious medical need. See Motions at 6. They argue, however, Plaintiff fails to allege they had "subjective knowledge of a substantial risk of serious harm" and disregarded that risk by conduct that was more than negligent. Id. Defendants assert Plaintiff's allegations demonstrate he received medical care, and he only desires different modes of treatment. Id. at 7.

While Plaintiff's pro se complaint is not a model of clarity, Plaintiff alleges enough to nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Plaintiff alleges Defendants knew the medication they prescribed for his chronic pain was ineffective and irritated another medical issue and, despite such knowledge, intentionally refused to provide

10

medically necessary care, including effective pain medication and referral to an orthopedist. See Compl. at 7-8. Thus, Plaintiff alleges more than a mere disagreement with medical treatment. Liberally construing his allegations, Plaintiff alleges the care provided was grossly inadequate or was "so cursory as to amount to no treatment at all." See Ancata, 769 F.2d at 704. Such allegations, if true, constitute an Eighth Amendment violation. Id. ("Intentional failure to provide [treatment] acknowledged to be necessary is the deliberate indifference proscribed by the Constitution.").

Because Plaintiff states a claim for deliberate indifference, Defendants are not entitled to qualified immunity. See Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994), overruled in part on other grounds by Hope v. Pelzer, 536 U.S. 730 (2002) ("A finding of deliberate indifference necessarily precludes a finding of qualified immunity.").

### D. Physical Injury

The PLRA requires a plaintiff seeking damages to demonstrate the alleged constitutional violation caused a physical injury. See 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."). A physical injury is one that is not simply de minimis, though it "need not be

11

significant." See Thompson v. Sec'y, Fla. Dep't of Corr., 551 F. App'x 555, 557 (11th Cir. 2014); Dixon v. Toole, 225 F. App'x 797, 799 (11th Cir. 2007) (citing Harris v. Garner, 190 F.3d 1279, 1286 (11th Cir. 1999)).

The Eleventh Circuit has cited with approval the following test to determine whether a prisoner sustained the requisite physical injury: whether the injury would require a free world person to visit an emergency room or doctor. Thompson, 551 F. App'x at 557 n.3 (citing Luong v. Hatt, 979 F. Supp. 481, 486 (N.D. Tex. 1997)). Under this test, bruising, scrapes, and temporary soreness are de minimis injuries. Dixon, 225 F. App'x at 799 (holding that bruising or welts caused by application of physical restraints were de minimis); Mann v. McNeil, 360 F. App'x 31, 32 (11th Cir. 2010) (holding vague back injuries and scrapes amounted to de minimis injuries).

Here, Plaintiff alleges Defendants' failure to properly address his medical needs causes severe pain that is not merely temporary, and his allegations permit the inference that in the free world, the pain he suffers would require him to seek medical treatment. See Compl. at 8. The Court is unwilling to find that requiring a prisoner to endure constant pain is a de minimis injury as a matter of law. Whether Plaintiff sustained more than a de minimis injury as a result of Defendants' alleged conduct would

more properly be raised in a Rule 56 motion with supporting medical records, affidavits, and other relevant documents.

Accordingly, it is

**ORDERED**:

1. Defendant Colombani's Motion to Dismiss (Doc. 21) is **DENIED**.

2. Defendant Henderson's Motion to Dismiss (Doc. 22) is **DENIED**.

3. Defendants must **answer** Plaintiff's Complaint (Doc. 1) within **twenty days** of the date of this Order.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of March, 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Kenneth Zink
Counsel of Record